IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HUNTER MULLEN, III, | ) | |
| | ) | CASE NO. 4:11CV3021 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER AND STIPULATION |
| | ) | REGARDING DISCOVERY |
| ERIC K. SHINSEKI, Secretary of the | ) | PROCEDURE |
| Department of Veterans Affairs, | ) | |
| | ) | |
| Defendant. | ) | |

WHEREAS, the Parties mutually seek to reduce the time, expense and other burdens of discovery of certain electronically stored information and privileged materials, as described further below, and to better define the scope of their obligations with respect to preserving such information and materials;

WHEREAS, the Parties therefore are entering into this Stipulation with the request that the Court enter it as an Order;

NOW THEREFORE, the Parties stipulate as follows:

**A.     Electronically Stored Information.**

    1.     <u>Preservation Not Required for Not Reasonably Accessible Electronic Information</u>.

        a.     Except as provided in subparagraph b below, the Parties need not preserve the following categories of electronic information for this litigation:

            i.     Data duplicated in any electronic backup system for the purpose of system recovery or information restoration, including but not limited to, system recovery backup tapes, continuity of operations systems, and data or system mirrors or shadows, if such data are routinely purged, overwritten or otherwise

made not reasonably accessible in accordance with an established routine system maintenance policy, including backup tapes stored at the Hines, Illinois, VA Data Center;

  ii. Voicemail messages, except the Government will preserve any voicemails VA employee Deborah Carlson may have regarding Plaintiff or his case;

  iii. Instant messages such as messages sent on AOL Instant Messenger or Microsoft Communicator, except the Government will preserve any instant messages VA employee Deborah Carlson may have regarding Plaintiff or his case;

  iv. Text messages, such as cell phone to cell phone SMS messages, except the Government will preserve any text messages VA employee Deborah Carlson may have regarding Plaintiff or his case;

  v. Electronic mail sent to or from a Personal Digital Assistant or smartphone (e.g., BlackBerry Handheld) provided that a copy of such mail is routinely saved elsewhere;

  vi. Other electronic data stored on a Personal Digital Assistant or smartphone, such as calendar or contract data or notes, provided that a copy of such information is routinely saved elsewhere;

  vii. Logs of calls made from cellular phones;

  viii. Deleted computer files, whether fragmented or whole;

  ix. Temporary or cache files, including internet history, web browser cache and cookie files, wherever located;

    x. Server, system or network logs;

    xi. Electronic data temporarily stored by scientific equipment or attached devices, provided that the data that is ordinarily preserved as part of a laboratory report is, in fact, preserved in its ordinary location and form, and

    xii. Individual VA Patient medical records on the Veterans Health Information Systems & Technology Architecture (VISTA) database.

  b. Notwithstanding subparagraph a. above, if on the date of this agreement either Party has a policy established by management that results in the routine preservation of any of the categories of information identified in subparagraph a, such Party shall continue to preserve such information in accordance with its policy. However, the Parties shall have no obligation, in response to general discovery requests, to search for, produce, or create privilege logs for electronically stored information covered by this subparagraph b.

  2. <u>Obligations Related to "Draft" Documents and "Non-Identical" Documents</u>.  For the purposes of preserving potentially discoverable material in this litigation, and for purposes of discovery in this litigation, a "draft" document, regardless of whether it is in an electronic or hard copy form, shall mean, "a preliminary version of a document that has been shared by the author with another person (by email, print, or otherwise) or that the author no longer intends to finalize or to share with another person."  In addition, a "non-identical" document is one that shows at least one facial change such as the inclusion of highlights, underlining, marginalia, total pages, attachments, markings, revisions, or the inclusion of tracked changes.  The Parties need not preserve for discovery a document before and after every change made to it, so long as "draft" documents, as defined by this paragraph, are preserved.  A document that is identical on

3

its face to another document, but has small detectable differences in the metadata, shall be considered an identical copy.

      3.     <u>No Discovery of Material Not Required To Be Preserved</u>. The Parties will not seek discovery of items that need not be preserved pursuant to paragraphs A.1-2 above. If any discovery request is susceptible of a construction which calls for the production of items that need not be preserved pursuant to paragraphs A.1-2, such items need not be provided or identified on a privilege log pursuant to Fed. R. Civ. P. 26(b)(5). The parties further agree that individual VA patient medical records on the VISTA database are not subject to discovery, other than those documents contained in hard copy with redactions, in agency files.

      4.     <u>Preservation Does Not Affect Discoverability or Claims of Privilege</u>. By preserving information for the purpose of this litigation, the Parties are not conceding that such material is discoverable, nor are they waiving any claim of privilege. Except as otherwise provided in paragraphs A.1.b and A.2, nothing in this Stipulation shall alter the obligations of the Parties to provide a privilege log for material withheld under a claim of privilege.

      5.     <u>Format for Production</u>: The Parties stipulate to the following methods of production:

      a.     Paper documents: At the Producing Party's discretion, documents maintained in paper format may be produced on paper or may be produced as independent, text searchable (scanned at 300 dpi), multi-page PDF files and produced on CD-ROM[1], DVD-ROM, USB Thumb drive, or external hard drive. Whether produced in hard copy or as PDF files, each page shall be branded with a unique Bates number, which

---

[1] CD-ROMs need to be formatted using ISO 9660 specifications (not *"packet burn"* or *"drag to disk"* format).

shall not be an overlay of the image.

    b.    At the producing party's discretion, word processing files (i.e. Word or WordPerfect) will be produced in native file format or converted to multi-page PDF files and produced consistent with the specifications in paragraph A.5.a;

    c.    E-mail and attachments maintained electronically should be produced in Outlook .PST file format, Outlook .MSG file format, Lotus Notes .NFS file format, or ASCII text file format. Alternatively, e-mail and attachments may be electronically converted to multi-page PDF files and produced consistent with the specification in paragraph A.5.a, preserving the following data fields: To, From, CC, BCC, Subject, Date, Time and Body. If not produced in native format, attachments shall be processed as separate documents and follow the original e-mail in sequence;

    d.    Excel or other spreadsheets, Access databases, and digital photographs will be produced in native file format in a separate folder on the production media;

    e.    Embedded files shall be treated as though they were separate files;

    f.    The Parties will meet and confer concerning production of other items, if any, including databases (other than Access), CAD drawings, GIS data, videos, etc.; and

    g.    Defendant shall have the custodians of electronically stored information (ESI) self-collect their emails and other requested documents regarding this case, with the support of IT staff as needed. The parties agree that collection of e-mails maintained in Outlook by "drag and drop" to a .PST data file is sufficient.

6.    <u>Other Preservation Obligations Not Affected</u>. Nothing in this agreement shall affect any other obligations of the Parties to preserve documents or information for other purposes, such as pursuant to court order, administrative order, statute, or in response to other

anticipated litigation.

7.  **Meet and Confer Requirement**.  Before filing any motion with the Court regarding electronic discovery or evidence, the Parties will meet and confer in a good faith attempt to resolve such disputes.

**B.  Protection of Privileges.**

1.  The Parties agree that this Stipulation and Order from the Court invokes the protections afforded by Rule 502 of the Federal Rules of Evidence.

2.  The prosecution and defense of this action will require each Party to review and to disclose large quantities of information and documents, including electronically stored information, through the discovery process. As a result, record-by-record preproduction privilege may impose an undue burden on the Parties' resources.

3.  Each Party shall examine the files containing documents to be produced and shall screen documents for privilege.  Such examination shall be performed with due regard for the likelihood that the files contain privileged documents, but may rely on sampling or electronic searching.

4.  If a producing Party determines that it has produced a document upon which it wishes to make a claim of privilege, the producing Party shall within 14 days of such determination give all counsel of record notice of the claim of privilege.  The notice shall identify the document(s) that is (are) privileged and the date the document(s) was (were) produced.  If the producing Party claims that only a portion of the document is privileged, the producing Party shall provide, along with the notice of the claim of privilege, a new copy of the document with the allegedly privileged portions redacted.

5.  A receiving Party is under a good-faith obligation to notify the producing Party

upon identification of a document which appears on its face or in light of facts known to the receiving Party to be potentially privileged. Such notification shall not waive the receiving Party's ability to subsequently challenge any assertion of privilege with respect to the identified document. The producing Party shall provide notice under paragraph B.4 above within five (5) business days of notification of production of a potentially privileged document by the receiving Party if the producing Party believes the document to be privileged.

6. Upon receiving notice of a claim of privilege on a produced document, the receiving Party must, in accordance with Fed. R. Civ. P. 26(b)(5)(B), promptly sequester the specified information and any copies it has and may not use or disclose the information, except as provided by Fed. R. Civ. P. 26(b)(5)(B), until the claim is resolved. If the receiving Party disclosed the information before being notified, it must take reasonable steps to prevent further use of such information until the claim is resolved. The Parties will follow the procedure described in Fed. R. Civ. P. 26(b)(5)(B) for documents produced in this litigation regardless of whether the producing Party asserts its claim of privilege during or after this litigation.

7. Pursuant to Federal Rule of Evidence 502(d), the disclosure of privileged information or documents in discovery conducted in this litigation consistent with the terms of this order shall not waive the claim of privilege or protection in any other federal or state proceeding.

**C.** **Privileged Materials of the Offices of Counsel.** The Parties agree that, in response to discovery requests, the Parties need not search for and produce, nor create a privilege log for, any privileged material which is generated by or sent to an attorney, paralegal, or other employee of the offices of the U.S. Department of Justice or the law firm of Perry, Guthery, Haase & Gessford, P.C., L.L.O.

**D.** **Costs of Document Production.** Each Party shall bear the costs of producing its own documents required under Fed. R. Civ. P. 26(a). The parties will consult and, if appropriate, seek an order from the Court, regarding costs of producing documents in response to a Party seeking discovery under Fed. R. Civ. P. 26(b), 30(b)(2)(subpoena duces tecum) and 34 (request for production). This does not preclude a party from seeking costs as allowed under NECivR 54.1 and the "Bill of Costs Handbook" after judgment.

**E.** **Expert Discovery.**

The Parties shall bear the costs of their own testifying experts in responding to discovery, and not require the Party seeking discovery to pay the other Party's testifying expert any fee for the time spent in responding to discovery, with two exceptions. The first exception is that the Party seeking a deposition of the other Party's testifying expert shall pay the expert's costs of such a deposition (excluding preparation time). The second exception is that a party may seek costs as allowed under NECivR 54.1 and the "Bill of Costs Handbook" after judgment.

| | |
|---|---|
| HUNTER MULLEN, III, Plaintiff | ERIC K. SHINSEKI, Secretary of the United States Department of Veterans Affairs, Defendant, |
| BY: PERRY, GUTHERY, HAASE & GESSFORD, P.C., L.L.O. | |
| | By:  DEBORAH R. GILG<br>United States Attorney<br>District of Nebraska |
| BY:  s/ Corey L. Stull<br>Corey L. Stull, NE Bar # 21336<br>233 South 13th Street, Suite 1400<br>Lincoln, NE 68508<br>Tel: (402) 476-9200<br>Fax: (402) 476-0094<br>E-mail: cstull@perrylawfirm.com | And:  s/ Lynnett M. Wagner<br>LYNNETT M. WAGNER, #21606<br>Assistant U.S. Attorney<br>1620 Dodge Street, Suite 1400<br>Omaha, NE  68102-1506<br>Tel:  (402) 661-3700<br>Fax:  (402) 661-3081<br>E-mail: lynnett.m.wagner@usdoj.gov |

Upon the court's review of the parties' discovery agreement, (as set forth above), including their agreement regarding the application of Rule 502 to their discovery processes,

IT IS ORDERED:

In accordance with Rule 502(d) of the Federal Rules of Evidence and the authority granted therein, the terms of the parties' discovery agreement are hereby ordered and enforceable against the parties herein and all persons in federal and state proceedings, including third parties.

July 15, 2011                                               BY THE COURT:

_____
United States Magistrate Judge